UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RESOURCE BANK, A PROVISIONAL TRUSTEE OF THE FINANCIAL INSTITUTIONS TRUST | CIVIL ACTION |
| VERSUS | NO. 04-3499 |
| LEGION INSURANCE COMPANY IN LIQUIDATION, ET AL | SECTION: "C" |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants, Legion Insurance Company ("Legion") and M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania (Rec. Doc. 47). Plaintiff, Resource Bank ("Resource Bank"), a Provisional Trustee of the Financial Institutions Trust ("FIT") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law the Court finds that there is a genuine issue of material fact regarding which party is entitled to retain and disperse the remaining proceeds of the Claims Stabilization Fund ("CSF"). Accordingly, Defendants' Motion for Summary Judgment is hereby **DENIED**.

## I. <u>BACKGROUND</u>

The FIT is a trust that was created in 1989 pursuant to the Louisiana trust code to provide medical and dental insurance for the employees of participating banks.  Resource Bank is the provisional trustee of the FIT, which at all relevant times was managed by Gilsbar, Inc. ("Gilsbar").  As manager of the trust, Gilsbar was primarily responsible for securing an insurance underwriter for and administrating the program.  In 1999, Gilsbar secured Legion to underwrite the insurance for the 1999 to 2000 term.

This dispute arose out of the Gilsbar/ Legion underwriting agreement.  Over the life of the FIT, the various underwriters have had access to a special fund referred to as the CSF.  This fund was used to provide an additional source to compensate the underwriter in the event of un-reimbursed losses.  The nature of the CSF is the crux of this dispute.  Legion claims that it was supposed to receive the entire CSF when it began underwriting the program and that it would return whatever remained to the FIT at the end of its underwriting obligation.  Resource Bank, on the other hand, claims that the CSF belonged to the FIT all along and that Legion is not entitled to the fund.  Furthermore, Resource Bank claims that Gilsbar reached a valid compromise with Legion and paid it whatever amount it was owed from the CSF.

## II. <u>STANDARD OF REVIEW</u>

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable

jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

**III.  ANALYSIS**

In the case at bar, Legion alleges that it is entitled to the CSF. Legion argues that its contract with Gilsbar provided that it was supposed to receive the CSF at the outset of its underwriting obligation. According to Legion, the CSF was to be placed in its account for the payment of claims. Legion asserts that it included the supposed amount of the CSF in its

calculation of available funds for paying claims to determine the point where reinsurance had to attach. As a result, Legion claims that it became owner of the CSF when it began underwriting the FIT's health insurance program.

On the other hand, Resource Bank argues that Gilsbar never agreed to transfer the CSF to Legion. Resource Bank claims that Gilsbar never agreed to Legion's proposal that it receive the CSF up front. Instead Gilsbar claims that it understood that the CSF would only kick in after any reinsurance was exhausted. It also alleges that Gilsbar did not agree to the commingling of the CSF with Legion's claims fund. Furthermore, Resource Bank asserts that any agreement that may have existed between Gilsbar and Legion regarding the CSF became null when Legion ceased to be the underwriter of the FIT's health insurance program.

The parties have widely differing views on the nature of the CSF. Thus, there is a disputed issue of material fact regarding which party is entitled to the fund, making summary judgment inappropriate.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendants' Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 19th day of October 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE