**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RESOURCE BANK, A PROVISIONAL** | **CIVIL ACTION** |
| **TRUSTEE OF THE FINANCIAL** | |
| **INSTITUTIONS TRUST** | |
| | |
| **VERSUS** | **NO. 04-3499** |
| | |
| **LEGION INSURANCE COMPANY** | **SECTION: "C"** |
| **IN LIQUIDATION, ET AL** | |

**ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment filed by Plaintiff, Resource Bank ("Resource Bank"), a Provisional Trustee of the Financial Institutions Trust ("FIT") (Rec. Doc. 43). Defendants, Legion Insurance Company ("Legion") and M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law the Court finds that there is a genuine issue of material fact regarding whether there was an accord and satisfaction. Accordingly, Resource Bank's Motion for Summary Judgment is hereby **DENIED**.

**I. BACKGROUND**

The FIT is a trust that was created in 1989 pursuant to the Louisiana trust code to provide

medical and dental insurance for the employees of participating banks.  Resource Bank is the provisional trustee of the FIT, which at all relevant times was managed by Gilsbar, Inc. ("Gilsbar").  As manager of the trust, Gilsbar was primarily responsible for securing an insurance underwriter for and administrating the program.  In 1999, Gilsbar secured Legion to underwrite the insurance for the 1999 to 2000 term.

This dispute arose out of the Gilsbar/ Legion underwriting agreement.  Over the life of the FIT, the various underwriters have had access to a special fund referred to as the Claims Stabilization Fund ("CSF").  This fund was used to provide an additional source to compensate the underwriter in the event of un-reimbursed losses.  The nature of the CSF is the crux of this dispute.  Legion claims that it was supposed to receive the entire CSF when it began underwriting the program and that it would return whatever remained to the FIT at the end of its underwriting obligation.  Resource Bank, on the other hand, claims that the CSF belonged to the FIT all along and that Legion is not entitled to the fund.  Furthermore, Resource Bank claims that Gilsbar reached a valid compromise with Legion and paid it whatever amount it was owed from the CSF.

## II. <u>STANDARD OF REVIEW</u>

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th

Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).


### III.  <u>ANALYSIS</u>

In the case at bar, Resource Bank alleges that any claim that Legion had to the CSF has been extinguished by the doctrine of accord and satisfaction.  Resource Bank claims that Gilsbar's representative, Mr. Huval offered Legion's representative, Mr. Quinn, $256,596 to reimburse Legion for its losses in underwriting the FIT health insurance program.  Gilsbar argues that it never promised the whole CSF to Legion and that Legion was supposed to have excess insurance to cover its losses before the CSF was implicated.  Resource Bank also claims

3

when Legion negotiated the check, it accepted the offer as full satisfaction of any obligation Gilsbar had to Legion to give it any part of the CSF.  Accordingly, Resource Bank claims that Legion is precluded from seeking any additional reimbursement from the CSF by the doctrine of accord and satisfaction.

Legion, on the other hand, argues that it is not precluded from seeking reimbursement. Legion claims that its original contract with Gilsbar entitles it to the CSF.  Legion says that it only agreed to underwrite the FIT's health insurance program if it receive the entire CSF for its use during its tenure as the underwriter.  According to Legion, it considered the CSF to be part of the funds available to it for the payment of claims.  Furthermore, Legion claims that it was only required to have excess insurance over the amount of the CSF.

Legion also argues that there was no compromise of its claims because Gilsbar's representative, Mr. Huval took advantage of Legion's representative, Mr. Quinn.  Legion claims Mr. Quinn was new at Legion and did not know the full extent of its losses on the FIT.  As a result, Legion claims that there was no agreement so as to extinguish its claims by accord and satisfaction.

Under Louisiana law, an accord and satisfaction is a contract terminating a dispute between parties over obligations claimed due under a pervious contract.  *U.S. v. Luwisch*, 1998 WL 830647, *2 (E.D.La 1998) (citing *U.S. v. Bloom*, 112 F.3d 200, 206 (5th Cir. 1997)).  To have a valid accord and satisfaction there must be: (1) a disputed claim; (2) the debtor's tendering of a sum less than that claim by the creditor; and (3) the creditor's acceptance of the payment. *Id.*  Also, there must be mutual consent to the formation of a contract of accord and satisfaction. *Id.*

4

Here, there is a disputed claim over which party has a greater right to the CSF.  Also, the debtor, Gilsbar, tendered a sum less than that claimed by the creditor, Legion, which did accept the payment.  However, there is a dispute over whether, Legion, accepted the payment as an accord and satisfaction.  Legion claims that there could not have been an accord and satisfaction because it never made any statement that could be construed as a willingness to accept less than the full amount of un-reimbursed losses from its underwriting of the FIT. See, Rec. Doc. 54.  On the other hand, Resource Bank claims that Legion's representative, Mr. Quinn, agreed that the amount of the compromise was the full amount of Legion's un-reimbursed losses and that Legion's negotiation of the check represented "a total, final refund in regards to the reimbursement of Legion's losses," constituting an accord and satisfaction. See, Rec. Doc. 43.

The facts surrounding the events that led to Legion's negotiation of the $256,596 check are highly contested.  Thus, there is a disputed issue of material fact regarding whether there was an accord an satisfaction, which makes summary judgment inappropriate.


## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Resource Bank's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 19th day of October 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE